**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Alejandro Mayorkas, et al.,<br><br>Defendant. | No. CV-17-00163-TUC-CKJ<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Partial Reconsideration. (Doc. 83) For the reasons that follow, Plaintiffs' motion is denied, and this case remains closed.

**PROCEDURAL HISTORY**

On August 23, 2021, the Court entered an Order granting in part and denying in part Plaintiffs' motion for summary judgment and granting in part and denying in part Defendants' cross-motion for summary judgment. (Doc. 78) The Court determined that Defendants had violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, but that they had not violated Section 7 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq. Id.* The same day it issued its Order, the Court entered an Amended Judgment of Dismissal in a Civil Case. (Doc. 80) On September 17, 2021, Plaintiffs filed their Motion for Partial Reconsideration. (Doc. 83) On October 15, 2021, Defendants filed their Opposition to Plaintiffs' Motion for Reconsideration (Doc. 86); and on October 22, 2021, Plaintiffs filed their Reply in Support of Motion for Partial

Reconsideration (Doc. 87).  This Order follows.

## LEGAL STANDARD

"A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted).  "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890.  "Nor is reconsideration to be used to ask the court to rethink what it has already thought through." *Rowe ex rel. Rowe v. Bankers Life & Cas. Co.*, 572 F. Supp. 2d 1138, 1147 (D. Ariz. 2008), *clarified on denial of reconsideration* (Sept. 17, 2008).  "[A] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1070 (E.D. Cal. 2009) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiffs bring their motion for partial reconsideration arguing that the Court's denial of its preferred remedy for Defendants' NEPA violation was "a manifest error of law," which warrants reconsideration. (Doc. 83 at 13) Despite the Court's ruling to the contrary, Plaintiffs also argue that Defendants have yet to rectify their NEPA violation, *id*.

at 14-17, and that their lawsuit was filed in a timely manner, *id.* at 17-19. The Court declines to entertain Plaintiffs' second and third arguments, as they simply rehash Plaintiffs' arguments on summary judgment or reflect various disagreements with the Court's decision. These arguments also fail to reflect the "highly unusual circumstances" under which motions for reconsideration are granted. *See 389 Orange St.*, 179 F.3d at 665.

As it concerns Plaintiffs' contention that the Court committed clear error by interpreting their repeated requests for supplemental environmental analysis as requests for mandatory injunctive relief,[1] the Court disagrees. "A district court has broad latitude in fashioning equitable relief when necessary to remedy an established wrong," *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (9th Cir. 2004) (internal quotation marks and citation omitted), and "courts have long held that relief for a NEPA violation is subject to equity principles," *Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1080–81 (9th Cir. 2010). "Vacatur is [also] a species of equitable relief and courts are not mechanically obligated to vacate agency decisions that they find invalid." *Pac. Rivers Council v. U.S. Forest Serv.*, 942 F. Supp. 2d 1014, 1017 (E.D. Cal. 2013). Under well-established principles governing the award of equitable relief in federal courts, "a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987).

Plaintiffs' first request for injunctive relief appeared in their First Amended Complaint. (Doc. 14) There, Plaintiffs requested that the Court "[i]ssue a mandatory injunction requiring Defendants to comply with the requirements of NEPA, the ESA, and those laws' implementing regulations[.]" *Id.* at 54. Plaintiffs continued their requests for injunctive relief throughout their amended Memorandum in Support of Motion for Summary Judgment. *See* Doc. 66 at 9 ("compel [CBP] to complete a long overdue and sorely needed supplemental reexamination of the southern border enforcement program's

---

[1] *See Wilderness Watch v. Vilsack,* 229 F. Supp. 3d 1170, 1183 (D. Idaho 2017) ("A mandatory injunction orders a responsible party to take action."); *Wilson v. Amoco Corp.*, 989 F. Supp. 1159, 1171 (D. Wyo. 1998) ("Injunctions that disturb the status quo, by requiring some positive act, are denominated mandatory injunctions.").

environmental impacts pursuant to [NEPA]"); *id*. at 10 ("grant Plaintiffs' motion for summary judgment, and direct CBP to complete supplemental NEPA analysis within a time certain"); *id.* at 26 ("Defendants have a duty to consider supplementing the 2001 SPEIS in a manner that is compliant with NEPA and the APA"); *id.* at 27 ("[the] Determination should be vacated, and CBP directed to initiate and complete a supplemental PEIS by a date certain"); *id.* at 37 ("that demand examination in a supplemental PEIS"); *id.* at 38 ("consider the programmatic impact of CBP border enforcement actions on endangered species, and demand[ ] preparation of supplemental NEPA analysis"); *id.* at 47 ("remand[ ] to CBP with direction to initiate and complete the NEPA process to further supplement the PEIS by a date-certain").

In response to Plaintiffs' requests that the Court instruct Defendants to issue supplemental programmatic environmental impact statements to remedy their NEPA violation, the Court observed:

> With the exception of Defendants' decision to withdraw from programmatic environmental analysis in 2019, Plaintiffs complain of agency non-activity that has failed to result in any demonstrated adverse environmental consequences due, in part, to the fact that Defendants complied with NEPA requirements through individual, project-specific environmental assessments. As a result of this litigation, Defendants have also thoroughly evaluated and explained the "hard look" criteria that the Court determined was absent from the Administrative Record when the agencies made their decisions years ago. Defendants' recent activity has mitigated any prospective harm that Plaintiffs seek to remedy, and the Administrative Record fails to indicate detrimental environmental consequences as a result of Defendants' NEPA violations.
>
> In many ways, the claims at hand were best suited for litigation and injunctive relief more than a decade ago. To grant Plaintiffs' request for an injunction at this point would be duplicative, counter-intuitive, and a misallocation of agency resources. The interests of the public would not be served by updating environmental impact statements which have since been withdrawn and that no longer serve as guideposts for future agency activity. While Defendants' failure to contemporaneously document justification for their internal decisions constitute NEPA violations, such failure, in this case, does not necessitate injunctive relief.

(Doc. 78 at 21-22) (internal citations omitted).

While Plaintiffs may disagree with the Court's reasoning or its interpretation of their requests to have a government agency conduct unnecessary supplemental environmental analyses as demands for injunctive relief, the Court did not commit clear error in fashioning an equitable remedy that was commensurate with Defendants' NEPA violation. Whether in response to a request for declarative relief, injunctive relief, or vacatur and remand, the Court explicitly balanced the competing claims of injury and considered the effects on each party before withholding Plaintiffs' requested relief. Accordingly, Plaintiffs' motion for partial reconsideration is denied, and this case remains closed.

**IT IS ORDERED:**

1. Plaintiffs' Motion for Partial Reconsideration (Doc. 83) is DENIED.

2. This case remains closed.

Dated this 4th day of January, 2022.

Honorable Cindy K. Jorgenson
United States District Judge